ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Law Corporation
Mark R. Bresee          State Bar No. 167346
    MBresee@aalrr.com
Amy W. Estrada          State Bar No. 279969
    AEstrada@aalrr.com
Alyssa Ruiz de Esparza   State Bar No. 306542
    ARuizdeEsparza@aalrr.com
4275 Executive Square, Suite 700
La Jolla, California 92037-1477
Telephone:  (858) 485-9526

Attorneys for Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual, et al.,, | Case No.:   3:21-cv-01809-LL-MDD |
| Plaintiffs, | **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |
| v. | Judge: Hon.<br>Courtroom: 15A |
| SAN DIEGO UNIFIED SCHOOL DISTRICT, et al.,, | First Amended Complaint Filed: October 22, 2021<br>Trial Date: None |
| Defendants. | |

Defendants SAN DIEGO UNIFIED SCHOOL DISTRICT, RICHARD BARRERA, SHARON WHITEHURST-PAYNE, MICHAEL MCQUARY, KEVIN BEISER, SABRINA BAZZO, and LAMONT JACKSON ("Defendants") hereby answer the First Amended First Amended Complaint of Plaintiffs JOHN DOE, JANE DOE, JILL DOE, TIFFANY ROE, TERRY ROE, TAYLOR ROE, ANDREW POE, and ADRIAN POE, as follows:

**INTRODUCTION**

1.    In answering Paragraph 1 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation in Paragraph 1.

2.    In answering Paragraph 2 of Plaintiffs' First Amended Complaint,

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
4275 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
4275 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526

Defendants admit that, like every vaccine mandated in California under the health & Safety Code, its student vaccination requirement does not include a religious exemption. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 2.

3.      In answering Paragraph 3 of Plaintiffs' First Amended Complaint, Defendants admit the quoted statements appear in the order denying of rehearing en banc. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 3.

4.      In answering Paragraph 4 of Plaintiffs' First Amended Complaint, Defendants admit the quoted statements appear in the order denying the Doe Plaintiffs' previous application to the Supreme Court. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 4.

5.      In answering Paragraph 5 of Plaintiffs' First Amended Complaint, Defendants admit the quoted statement appears in the order denying of rehearing en banc. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 5.

6.      In answering Paragraph 6 of Plaintiffs' First Amended Complaint, Defendants admit that implementation of the student vaccination was delayed, and admit that COVID survivors risk re-infection (and in this case have been re-infected). Except as so admitted, Defendants deny each and every allegation contained in Paragraph 6.

7.      In answering Paragraph 7 of Plaintiffs' First Amended Complaint, Defendants admit that the quote from *Tandon v. Newsom*, 141 S. Ct. 1294 appears in the decision. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 7.

8.      In answering Paragraph 8 of Plaintiffs' First Amended Complaint, Defendants lack information and belief regarding the true reason(s) Plaintiffs bring this action, and on that basis deny each and every allegation in Paragraph 8.

**JURISDICTION AND VENUE**

9.    In answering Paragraph 9 of Plaintiffs' First Amended Complaint, Defendants admit that this action is brought pursuant to 42 U.S.C. § 1983, and that it raises federal questions. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 9.

10.    In answering Paragraph 10 of Plaintiffs' First Amended Complaint, Defendants specifically allege that there is no basis for any relief for any Plaintiff and against any Defendant, and on that basis deny each and every allegation in Paragraph 10.

11.    In answering Paragraph 11 of Plaintiffs' First Amended Complaint, Defendants admit that venue in the Southern District of California is proper.

**THE PARTIES**

12.    In answering Paragraph 12 of Plaintiffs' First Amended Complaint, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 12.

13.    In answering Paragraph 13 of Plaintiffs' First Amended Complaint, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 13.

14.    In answering Paragraph 14 of Plaintiffs' First Amended Complaint, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 14.

15.    In answering Paragraph 15 of Plaintiffs' First Amended Complaint, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 15.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
4275 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526

16.   In answering Paragraph 16 of Plaintiffs' First Amended Complaint, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 16.

17.   In answering Paragraph 17 of Plaintiffs' First Amended Complaint, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 17.

18.   In answering Paragraph 18 of Plaintiffs' First Amended Complaint, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 18.

19.   In answering Paragraph 19 of Plaintiffs' First Amended Complaint, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 19.

20.   In answering Paragraph 20 of Plaintiffs' First Amended Complaint, Defendants admit the allegations in Paragraph 20.

21.   In answering Paragraph 21 of Plaintiffs' First Amended Complaint, Defendants admit that Richard Barrera is a member of the District Board of Education, served as President of the Board of Education, and that the District Board of Education is responsible for creating, adopting, and implementing its District policies including but not limited to the vaccination requirement challenged in this litigation. Defendants also specifically allege that Richard Barrera, at all relevant times, was acting in his official capacity as a member of the Board of Education. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 21.

22.   In answering Paragraph 22 of Plaintiffs' First Amended Complaint,

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
427 5 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

005555.00346
36975697.1

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
4275 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526

Defendants admit that Sharon Whitehurst-Payne is a member of the District Board of Education, that she served as Vice President and presently serves as President, that the District Board of Education is responsible for creating, adopting, and implementing its District policies including but not limited to the vaccination requirement challenged in this litigation, and that at all relevant times Sharon Whitehurst-Payne acted in her official capacity as a member of the Board of Education. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 22.

23.   In answering Paragraph 23 of Plaintiffs' First Amended Complaint, Defendants admit that Michael McQuarry is a member of the District Board of Education and that at all relevant times Michael McQuarry acted in his official capacity as a member of the Board of Education. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 23.

24.   In answering Paragraph 24 of Plaintiffs' First Amended Complaint, Defendants admit that Kevin Beiser is a member of the District Board of Education and that at all relevant times Kevin Beiser acted in his official capacity as a member of the Board of Education. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 24.

25.   In answering Paragraph 25 of Plaintiffs' First Amended Complaint, Defendants admit that Sabrina Bazzo is a member of the District Board of Education, is currently serving as Vice President, and that at all relevant times Sabrina Bazzo acted in her official capacity as a member of the Board of Education. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 25.

26.   In answering Paragraph 26 of Plaintiffs' First Amended Complaint, Defendants admit that Lamont Jackson is the Superintendent of the District, previously served as Interim Superintendent. Defendants also allege that Lamont Jackson, at all relevant times, was acting in his official capacity as District

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
4275 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526

1 Superintendent. Except as so admitted, Defendants deny each and every allegation
2 contained in Paragraph 26.

3 **FACTUAL ALLEGATIONS**

4 **A.    THE PLAINTIFFS: THE DOE, ROE, & POE FAMILIES**

5     27.    In answering Paragraph 27 of Plaintiffs' First Amended Complaint,
6 Defendants lack sufficient information or knowledge at this time to respond to the
7 allegations contained therein, and on that basis deny each and every allegation in
8 Paragraph 27.

9     28.    In answering Paragraph 28 of Plaintiffs' First Amended Complaint,
10 Defendants lack sufficient information or knowledge at this time to respond to the
11 allegations contained therein, and on that basis deny each and every allegation in
12 Paragraph 28.

13     29.    In answering Paragraph 29 of Plaintiffs' First Amended Complaint,
14 Defendants lack sufficient information or knowledge at this time to respond to the
15 allegation that they fear retaliation and harassment, and deny any and all other
16 allegations in Paragraph 29.

17     ***i.    The Doe Family***

18     30.    In answering Paragraph 30 of Plaintiffs' First Amended Complaint,
19 Defendants lack sufficient information or knowledge at this time to respond to the
20 allegations contained therein, and on that basis deny each and every allegation in
21 Paragraph 30.

22     31.    In answering Paragraph 31 of Plaintiffs' First Amended Complaint,
23 Defendants lack sufficient information or knowledge at this time to respond to the
24 allegations contained therein, and on that basis deny each and every allegation in
25 Paragraph 31.

26     32.    In answering Paragraph 32 of Plaintiffs' First Amended Complaint,
27 Defendants lack sufficient information or knowledge at this time to respond to the
28 allegations contained therein, and on that basis deny each and every allegation in in

1  Paragraph 32.

2       *ii.*     **The Roe Family**

3       33.    In answering Paragraph 33 of Plaintiffs' First Amended Complaint,

4  Defendants lack sufficient information or knowledge at this time to respond to the

5  allegations contained therein, and on that basis deny each and every allegation in

6  Paragraph 33.

7       34.    In answering Paragraph 34 of Plaintiffs' First Amended Complaint,

8  Defendants lack sufficient information or knowledge at this time to respond to the

9  allegations contained therein, and on that basis deny each and every allegation in

10  Paragraph 34.

11       35.    In answering Paragraph 35 of Plaintiffs' First Amended Complaint,

12  Defendants lack sufficient information or knowledge at this time to respond to the

13  allegations contained therein, and on that basis deny each and every allegation in

14  Paragraph 35.

15       *iii.*     **The Poe Family**

16       36.    In answering Paragraph 36 of Plaintiffs' First Amended Complaint,

17  Defendants lack sufficient information or knowledge at this time to respond to the

18  allegations contained therein, and on that basis deny each and every allegation in

19  Paragraph 36.

20       37.    In answering Paragraph 37 of Plaintiffs' First Amended Complaint,

21  Defendants lack sufficient information or knowledge at this time to respond to the

22  allegations contained therein, and on that basis deny each and every allegation in

23  Paragraph 37.

24       38.    In answering Paragraph 38 of Plaintiffs' First Amended Complaint,

25  Defendants lack sufficient information or knowledge at this time to respond to the

26  allegations contained therein, and on that basis deny each and every allegation in

27  Paragraph 38.

28  / / /

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
427 5 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
4275 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526

**B.     THE COVID-19 PANDEMIC & VACCINES**

39.     In answering Paragraph 39 of Plaintiffs' First Amended Complaint, Defendants admit that the documents referenced in Paragraph 39 speak for themselves, and that currently the student Plaintiffs, unless medically exempted based on specific objective criteria rendering administration of a COVID-19 vaccine unsafe, are eligible to be vaccinated against COVID-19 through administration of a vaccine that is fully-approved for their age group by the FDA. Except as so admitted, Defendants deny generally and specifically each and every other allegation in Paragraph 39.

40.     In answering Paragraph 40 of Plaintiffs' First Amended Complaint, Defendants admit that the documents referenced in Paragraph 40 speak for themselves, and that currently the student Plaintiffs, unless medically exempted based on specific objective criteria rendering administration of a COVID-19 vaccine unsafe, are eligible to be vaccinated against COVID-19 through administration of a vaccine that is fully-approved for their age group by the FDA. Except as so admitted, Defendants deny generally and specifically each and every other allegation in Paragraph 40.

41.     In answering Paragraph 41 of Plaintiffs' First Amended Complaint, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 41.

**C.     SDUSD IMPOSES A COVID-19 VACCINE MANDATE**

42.     In answering Paragraph 42 of Plaintiffs' First Amended Complaint, Defendants admit that the Board of Education held a properly-noticed meeting on September 15, 2021. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 42.

43.     In answering Paragraph 43 of Plaintiffs' First Amended Complaint, Defendants admit that a "Vaccination Roadmap" was prepared prior to its

consideration and approval by the Board of Education on September 28, 2021, that under the plan students who had turned 16 prior to November 1, 2021 would be required to be vaccinated prior to the beginning of the Spring, 2022 semester, and that like the vaccines mandated by the State of California the District's vaccination requirement does not include personal beliefs or religious exemptions. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 43.

44.     In answering Paragraph 44 of Plaintiffs' First Amended Complaint, Defendants admit that based on public health considerations the District Board of Education and other boards of education throughout California held some meetings in person and other meeting remotely during the months of July, August and September, 2021. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 44.

45.     In answering Paragraph 45 of Plaintiffs' First Amended Complaint, Defendants admit that following the Board of Education's adoption of the "Vaccination Roadmap" District officials took actions to ensure that parents and the public at large were aware of the vaccination requirements and the public health benefits arising from increased vaccination rates among those who can be safely vaccinated, and that there were media reports regarding the vaccination requirement. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 45.

D.     OTHER APPROACHES TO COVID-19 VACCINATION

46.     In answering Paragraph 46 of Plaintiffs' First Amended Complaint, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 46.

47.     In answering Paragraph 47 of Plaintiffs' First Amended Complaint, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
4275 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
4275 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526

Paragraph 47.

48.    In answering Paragraph 48 of Plaintiffs' First Amended Complaint, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 48.

49.    In answering Paragraph 49 of Plaintiffs' First Amended Complaint, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 49.

50.    In answering Paragraph 50 of Plaintiffs' First Amended Complaint, Defendants admit that like the vaccines mandated by the State of California the District's vaccination requirement does not include personal beliefs or religious exemptions. As to the remaining allegations, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 50.

**E.    DELAY OF THE COVID VACCINE MANDATES**

51.    In answering Paragraph 51 of Plaintiffs' First Amended Complaint, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 51.

52.    In answering Paragraph 52 of Plaintiffs' First Amended Complaint, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 52.

53.    In answering Paragraph 53 of Plaintiffs' First Amended Complaint, Defendants admit that the implementation of the vaccination requirement was delayed, and it was delayed for reasons unrelated to litigation. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 53.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
4275 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526

**F.    SDUSD's Current COVID-19 Vaccine Mandate**

54.    In answering Paragraph 54 of Plaintiffs' First Amended Complaint, Defendants admit that on February 22 and March 8, 2022, the District Board of Education took action to initiate a student vaccination requirement for the Fall, 2022 semester. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 54.

55.    In answering Paragraph 55 of Plaintiffs' First Amended Complaint, Defendants admit that at the February 22, 2022 Board of Education meeting Susan Barndollar presented a slideshow explaining some aspects of the District staff's recommendation to implement a student vaccination requirement for the Fall, 2022 semester. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 55.

56.    In answering Paragraph 56 of Plaintiffs' First Amended Complaint, Defendants admit that Superintendent Jackson stated at the February 22, 2022 Board of Education meeting that there would be further, more specific information on implementation of the student vaccination requirement at the March 8, 2022 Board of Education meeting, that the Board adopted a Resolution on March 8, 2022 which contained more specific information, and the District took actions to notify parents following the March 8, 2022 meeting. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 56.

57.    In answering Paragraph 57 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation cited in Paragraph 57.

58.    In answering Paragraph 58 of Plaintiffs' First Amended Complaint, Defendants admit that the District generated documents referenced speak for themselves, that the District's student vaccination requirement contains a single medical exemption for an extremely small group of students who, based on objective medical documentation, cannot be vaccinated safely, and that the District is required to comply with Title VII of the Civil Rights Act of 1964, with Section

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
427 5 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526

504 of the Rehabilitation Act of 1973, and with the Individuals with Disabilities Education Act. Except as so admitted, Defendants deny each and every allegation contained in deny each and every allegation cited in Paragraph 58.

59.  In answering Paragraph 59 of Plaintiffs' First Amended Complaint, Defendants admit that its actions are reasonable and survive rational basis scrutiny. Except as so admitted, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 59.

## G.  THE NEED FOR PROMPT RELIEF

60.  In answering Paragraph 60 of Plaintiffs' First Amended Complaint, Defendants admit that the student vaccination requirement contains specific deadlines for students who can be safely vaccinated based on FDA approval. Except as so admitted, Defendants deny each and every allegation cited in Paragraph 60.

61.  In answering Paragraph 61 of Plaintiffs' First Amended Complaint, Defendants admit that the student vaccination requirement contains specific deadlines for students who can be safely vaccinated based on FDA approval. Except as so admitted, Defendants deny each and every allegation cited Paragraph 61.

62.  In answering Paragraph 62 of Plaintiffs' First Amended Complaint, Defendants admit that the student vaccination requirement contains specific deadlines for students who can be safely vaccinated based on FDA approval. Except as so admitted, Defendants deny each and every allegation cited Paragraph 62.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF:

### Violation of Free Exercise Clause of First Amendment to U.S. Constitution:

### Not Generally Applicable due to Categorical Exemptions

### *(By all Plaintiffs against All Defendants)*

63.  In answering Paragraph 63 of Plaintiffs' First Amended Complaint, Defendants incorporate by reference the preceding Paragraphs 1-62 as though fully

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
4275 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526

set forth herein.

64.     In answering Paragraph 64 of Plaintiffs' First Amended Complaint, Defendants admit the legal contentions recited in Paragraph 64.

65.     In answering Paragraph 65 of Plaintiffs' First Amended Complaint, Defendants note there are no factual allegations in the Paragraph, other than to recite from case law, and answer that the cited case(s), in their entirety, speak for themselves. To the extent Plaintiffs contend the passages cited are dispositive, Defendants deny each and every allegation cited in Paragraph 65.

66.     In answering Paragraph 66 of Plaintiffs' First Amended Complaint, Defendants note there are no factual allegations in the Paragraph, other than to recite from case law, and answer that the cited case(s), in their entirety, speak for themselves. To the extent Plaintiffs contend the passages cited are dispositive, Defendants deny each and every allegation cited in Paragraph 66.

67.     In answering Paragraph 67 of Plaintiffs' First Amended Complaint, Defendants note there are no factual allegations in the Paragraph, other than to recite from case law, and answer that the cited case(s), in their entirety, speak for themselves. To the extent Plaintiffs contend the passages cited are dispositive, Defendants deny each and every allegation cited in Paragraph 67.

68.     In answering Paragraph 68 of Plaintiffs' First Amended Complaint, Defendants specifically deny that any District student is being excluded from school. Regarding the remaining allegations, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in in Paragraph 68.

69.     In answering Paragraph 69 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation cited in Paragraph 69.

70.     In answering Paragraph 70 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation cited in Paragraph 70.

71.     In answering Paragraph 71 of Plaintiffs' First Amended Complaint,

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
427 5 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526

1    Defendants deny each and every allegation cited in Paragraph 71.

2        72.    In answering Paragraph 72 of Plaintiffs' First Amended Complaint,
3    Defendants deny each and every allegation cited in Paragraph 72.

4        73.    In answering Paragraph 73 of Plaintiffs' First Amended Complaint,
5    Defendants deny each and every allegation cited in Paragraph 73.

6                        **SECOND CLAIM FOR RELIEF:**

7    **Violation of Free Exercise Clause of First Amendment to U.S. Constitution:**
8         **Not Generally Applicable due to Discretionary Exemptions**

9        74.    In answering Paragraph 74 of Plaintiffs' First Amended Complaint,
10   Defendants incorporate by reference the preceding Paragraphs 1-73 as though fully
11   set forth herein.

12       75.    In answering Paragraph 75 of Plaintiffs' First Amended Complaint,
13   Defendants admit the legal contentions recited in Paragraph 75.

14       76.    In answering Paragraph 76 of Plaintiffs' First Amended Complaint,
15   Defendants note there are no factual allegations in the Paragraph, other than to recite
16   from case law, and answer that the cited case(s), in their entirety, speak for
17   themselves. To the extent Plaintiffs contend the passages cited are dispositive,
18   Defendants deny each and every allegation cited in Paragraph 76.

19       77.    In answering Paragraph 77 of Plaintiffs' First Amended Complaint,
20   Defendants note there are no factual allegations in the Paragraph, other than to recite
21   from case law, and answer that the cited case(s), in their entirety, speak for
22   themselves. To the extent Plaintiffs contend the passages cited are dispositive,
23   Defendants deny each and every allegation cited in Paragraph 77.

24       78.    In answering Paragraph 78 of Plaintiffs' First Amended Complaint,
25   Defendants specifically deny that any District student is being excluded from
26   school. Regarding the remaining allegations, Defendants lack sufficient information
27   or knowledge at this time to respond to the allegations contained therein, and on that
28   basis deny each and every allegation in Paragraph 78.

79.     In answering Paragraph 79 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation cited in Paragraph 79.

80.     In answering Paragraph 80 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation cited in Paragraph 80.

81.     In answering Paragraph 81 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation cited in Paragraph 81.

82.     In answering Paragraph 82 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation cited in Paragraph 82.

83.     In answering Paragraph 83 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation cited in Paragraph 83.

### THIRD CLAIM FOR RELIEF:

### Violation of Free Exercise Clause of First Amendment to U.S. Constitution:

### Interference with Parental Rights

84.     In answering Paragraph 84 of Plaintiffs' First Amended Complaint, Defendants incorporate by reference the preceding Paragraphs 1-83 as though fully set forth herein.

85.     In answering Paragraph 85 of Plaintiffs' First Amended Complaint, Defendants admit the legal contentions recited in Paragraph 85.

86.     In answering Paragraph 86 of Plaintiffs' First Amended Complaint, Defendants note there are no factual allegations in the Paragraph, other than to recite from case law, and answer that the cited case(s), in their entirety, speak for themselves. To the extent Plaintiffs contend the passages cited are dispositive, Defendants deny each and every allegation cited in Paragraph 86.

87.     In answering Paragraph 87 of Plaintiffs' First Amended Complaint, Defendants note there are no factual allegations in the Paragraph, other than to recite from case law, and answer that the cited case(s), in their entirety, speak for themselves. To the extent Plaintiffs contend the passages cited are dispositive, Defendants deny each and every allegation cited in Paragraph 87.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
427 5 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
4275 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526

88.     In answering Paragraph 88 of Plaintiffs' First Amended Complaint, Defendants specifically deny that any District student is being excluded from school. Regarding the remaining allegations, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 88.

89.     In answering Paragraph 89 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation cited in Paragraph 89.

90.     In answering Paragraph 90 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation cited in Paragraph 90.

91.     In answering Paragraph 91 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation cited in Paragraph 91.

92.     In answering Paragraph 92 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation cited in Paragraph 92.

93.     In answering Paragraph 93 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation cited in Paragraph 93.

**FOURTH CLAIM FOR RELIEF:**

**Violation of Free Exercise Clause of First Amendment to U.S. Constitution:**

**Not Facially Neutral**

94.     In answering Paragraph 94 of Plaintiffs' First Amended Complaint, Defendants incorporate by reference the preceding Paragraphs 1-93 as though fully set forth herein.

95.     In answering Paragraph 95 of Plaintiffs' First Amended Complaint, Defendants admit the legal contentions recited in Paragraph 95.

96.     In answering Paragraph 96 of Plaintiffs' First Amended Complaint, Defendants note there are no factual allegations in the Paragraph, other than to recite from case law, and answer that the cited case(s), in their entirety, speak for themselves. To the extent Plaintiffs contend the passages cited are dispositive, Defendants deny each and every allegation cited in Paragraph 96.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
427 5 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526

97.   In answering Paragraph 97 of Plaintiffs' First Amended Complaint, Defendants note there are no factual allegations in the Paragraph, other than to recite from case law, and answer that the cited case(s), in their entirety, speak for themselves. To the extent Plaintiffs contend the passages cited are dispositive, Defendants deny each and every allegation cited in Paragraph 97.

98.   In answering Paragraph 98 of Plaintiffs' First Amended Complaint, Defendants specifically deny that any District student is being excluded from school. Regarding the remaining allegations, Defendants lack sufficient information or knowledge at this time to respond to the allegations contained therein, and on that basis deny each and every allegation in Paragraph 98.

99.   In answering Paragraph 99 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation cited in Paragraph 99.

100.   In answering Paragraph 100 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation cited in Paragraph 100.

101.   In answering Paragraph 101 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation cited in Paragraph 101.

102.   In answering Paragraph 102 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation cited in Paragraph 102.

103.   In answering Paragraph 103 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation cited in Paragraph 103.

## FIFTH CLAIM FOR RELIEF:

## Violation of Free Exercise Clause of First Amendment to U.S. Constitution:

## Not Neutral Due to Hostility and Distrust of Religion

104.   In answering Paragraph 104 of Plaintiffs' First Amended Complaint, Defendants incorporate by reference the preceding Paragraphs 1-103 as though fully set forth herein.

105.   In answering Paragraph 105 of Plaintiffs' First Amended Complaint, Defendants admit the legal contentions recited in Paragraph 105.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
4275 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526

106.   In answering Paragraph 106 of Plaintiffs' First Amended Complaint, Defendants note there are no factual allegations in the Paragraph, other than to recite from case law, and answer that the cited case(s), in their entirety, speak for themselves. To the extent Plaintiffs contend the passages cited are dispositive, Defendants deny each and every allegation cited in Paragraph 106.

107.   In answering Paragraph 107 of Plaintiffs' First Amended Complaint, Defendants note there are no factual allegations in the Paragraph, other than to recite from case law, and answer that the cited case(s), in their entirety, speak for themselves. To the extent Plaintiffs contend the passages cited are dispositive, Defendants deny each and every allegation cited in Paragraph 107.

108.   In answering Paragraph 108 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation cited in Paragraph 108.

109.   In answering Paragraph 109 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation cited in Paragraph 109.

110.   In answering Paragraph 110 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation cited in Paragraph 110.

111.   In answering Paragraph 111 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation cited in Paragraph 111.

112.   In answering Paragraph 112 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation cited in Paragraph 112.

113.   In answering Paragraph 113 of Plaintiffs' First Amended Complaint, Defendants deny each and every allegation cited in Paragraph 113.

## PRAYER FOR RELIEF

1.   In answering Paragraph A of Plaintiffs' Prayer, Defendants understand and believe that said Paragraph states Plaintiffs' request for relief for which no response is required.  To the extent a response is required, Defendants deny and contest that Plaintiffs are entitled to any relief based on the actual facts and the law, and request that the Court award nothing against Defendants.

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
4275 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526

2.      In answering Paragraph B of Plaintiffs' Prayer, Defendants understand and believe that said Paragraph states Plaintiffs' request for relief for which no response is required.  To the extent a response is required, Defendants deny and contest that Plaintiffs are entitled to any relief based on the actual facts and the law, and request that the Court award nothing against Defendants.

3.      In answering Paragraph C of Plaintiffs' Prayer, Defendants understand and believe that said Paragraph states Plaintiffs' request for relief for which no response is required.  To the extent a response is required, Defendants deny and contest that Plaintiffs are entitled to any relief based on the actual facts and the law, and request that the Court award nothing against Defendants.

4.      In answering Paragraph D of Plaintiffs' Prayer, Defendants understand and believe that said Paragraph states Plaintiffs' request for relief for which no response is required.  To the extent a response is required, Defendants deny and contest that Plaintiffs are entitled to any relief based on the actual facts and the law, and request that the Court award nothing against Defendants.

5.      In answering Paragraph E of Plaintiffs' Prayer, Defendants understand and believe that said Paragraph states Plaintiffs' request for relief for which no response is required.  To the extent a response is required, Defendants deny and contest that Plaintiffs are entitled to any relief based on the actual facts and the law, and request that the Court award nothing against Defendants.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.      As a first, separate and affirmative defense to the First Amended Complaint, Defendants allege that any claim for monetary relief is barred by the Eleventh Amendment to the United States Constitution.

/ / /

/ / /

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
427 5 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526

**SECOND AFFIRMATIVE DEFENSE**

2.     As a second, separate and affirmative defense to the First Amended Complaint, Defendants allege that the First Amended Complaint and each claim for relief fails to state a claim upon which relief can be granted against any and all Defendants.

**THIRD AFFIRMATIVE DEFENSE**

3.     As a third, separate and affirmative defense to the First Amended Complaint, Defendants allege that the Court lacks subject matter jurisdiction.

**FOURTH AFFIRMATIVE DEFENSE**

4.     As a fourth, separate and affirmative defense to the First Amended Complaint, Defendants allege that Plaintiffs lack standing.

**FIFTH AFFIRMATIVE DEFENSE**

5.     As a fifth, separate and affirmative defense to the First Amended Complaint, Defendants allege that any claims against individual Defendants are barred by qualified immunity.

**SIXTH AFFIRMATIVE DEFENSE**

6.     As a sixth, separate and affirmative defense to the First Amended Complaint, Defendants allege that at all times mentioned herein, Defendants acted in good faith in doing any of the acts alleged in the reasonable belief that the actions were lawful.

**SEVENTH AFFIRMATIVE DEFENSE**

7.     As a seventh, separate and affirmative defense to the First Amended Complaint, Defendants allege that Plaintiffs, by reason of their acts, omissions, representations and course of conduct, have waived any claim against Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

8.     As an eighth, separate and affirmative defense to the First Amended Complaint, Defendants allege that Plaintiffs' First Amended Complaint, and each claim for relief asserted therein is barred by the applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**

9.    As a ninth, separate and affirmative defense to the First Amended Complaint, Defendants allege that they are jointly and severally immune from liability regarding any and all actions allegedly taken pursuant to Government Code § 820.2 and any other immunities pursuant to the Education Code.

**TENTH AFFIRMATIVE DEFENSE**

10.    As a tenth, separate and affirmative defense to the First Amended Complaint, Defendants allege that this lawsuit is moot.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.    As an eleventh, separate and affirmative defense to the First Amended Complaint, Defendants allege that at all times relevant governmental officials engaged to perform discretionary functions within the scope of official duties, and no Defendant engaged in conduct that violated clearly established statutory or constitutional rights of which a reasonable person would have known.

**TWELFTH AFFIRMATIVE DEFENSE**

12.    As a twelfth, separate and affirmative defense to the First Amended Complaint, Defendants allege that all of Plaintiffs' causes of action are barred, because they have not complied with the Government Claims provisions of the California Government Claims Act. (Gov. Code, § 910 et seq.)

**THIRTEENTH AFFIRMATIVE DEFENSE**

13.    As a thirteen, separate and affirmative defense to the First Amended Complaint, Defendants do not have sufficient information to enable them to form a belief as to whether they have additional, as yet unstated, affirmative defenses. Therefore, Defendants reserve the right to assert such unknown defenses in the event that discovery reveals such defenses are appropriate.

/ / /
/ / /
/ / /

WHEREFORE, Defendants pray for judgment as follows:

1.      That Plaintiffs take nothing by their First Amended Complaint;

2.      That Defendants recover their costs of suit herein;

3.      That Defendants recover reasonable attorney's fees incurred herein; and

4.      That the Court awards such other and/or further relief as it deems just and proper.


Dated: May 13, 2022                    ATKINSON, ANDELSON, LOYA, RUUD & ROMO

                                        By: _____
                                        Mark R. Bresee
                                        Amy W. Estrada
                                        Alyssa Ruiz de Esparza
                                        Attorneys for Defendants

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
4275 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526

005555.00346
36975697.1

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of San Diego, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 4275 Executive Square, Suite 700, La Jolla, California 92037-1477.

On May 13, 2022, I served the following document(s) described as **DEFENDANTS' ANSWER TO FIRST AMENDED FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

LiMANDRI & JONNA LLP                          Attorneys for Plaintiffs
Charles S. LiMandri  cslimandri@limandri.com
Paul M. Jonna  pjonna@limandri.com
Mark D. Myers  mmyers@limandri.com
Jeffrey M. Trissell  jtrissell@limandri.com
Robert E. Weisenburger  rweisenburger@limandri.com
Milan L. Brandon  mbrandon@limandri.com
P.O. Box 9120
Rancho Santa Fe, CA 92067
Telephone: 858-759-9930

THOMAS MORE SOCIETY                          Attorneys for Plaintiffs
Thomas Brejcha  tbrejcha@thomasmoresociety.org
Peter Breen  pbreen@thomasmoresociety.org

309 W. Washington Street, Ste. 1250
Chicago, IL 60606
Telephone: 312-782-1680

☒   **BY EMAIL:** My electronic service address is MBresee@aalrr.com. Based on a written agreement of the parties pursuant to Fed. Rules Civ. Proc., Rule 5(b)(2)(E) to accept service by electronic means, I sent such document(s) to the email address(es) listed above or on the attached Service List. Such document(s) was scanned and emailed to such recipient(s) and email confirmation(s) will be maintained with the original document in this office indicating the recipients' email address(es) and time of receipt.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 13, 2022, at La Jolla, California.

_____
Mark Bresee

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
4275 EXECUTIVE SQUARE, SUITE 700
LA JOLLA, CALIFORNIA 92037-1477
TELEPHONE: (858) 485-9526

005555.00346
36975697.1