Charles S. LiMandri, SBN 110841
 cslimandri@limandri.com
Paul M. Jonna, SBN 265389
 pjonna@limandri.com
Mark D. Myers, SBN 235719
 mmyers@limandri.com
Jeffrey M. Trissell, SBN 292480
 jtrissell@limandri.com
Robert E. Weisenburger, SBN 305682
 rweisenburger@limandri.com
Milan L. Brandon II, SBN 326953
 mbrandon@limandri.com
LiMANDRI & JONNA LLP
P.O. Box 9120
Rancho Santa Fe, CA 92067
Telephone: (858) 759-9930
Facsimile: (858) 759-9938

Thomas Brejcha, *pro hac vice*\*
 tbrejcha@thomasmoresociety.org
Peter Breen, *pro hac vice*\*
 pbreen@thomasmorsociety.org
THOMAS MORE SOCIETY
309 W. Washington St., Ste. 1250
Chicago, IL 60606
Tel: (312) 782-1680
\*Application forthcoming

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, an individual, et al.,<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT, et al.,<br><br>　　　Defendants. | Case No.: 3:21-cv-01809-LL-MDD<br><br>**Plaintiffs' Response to Objections to the Declaration of Jeffrey M. Trissell, Esq., and Request to File Exhibits Non-Electronically, in Support of Plaintiffs' Motion for a Preliminary Injunction**<br><br>Judge: Hon.　　Linda Lopez<br>Courtroom:　　2B<br>Hearing Date:　　June 15, 2022<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

# PLAINTIFFS' RESPONSE TO OBJECTIONS TO THE DECLARATION OF JEFFREY M. TRISSELL, ESQ.

Plaintiffs Tiffany, Terry, and Taylor Roe, and Andrew and Adrian Poe, hereby submit the following response to the evidentiary objections submitted by Defendants San Diego Unified School District, Board President Sharon Whitehurst-Payne, Board Vice President Sabrina Bazzo, Board Member Richard Barrera, Board Member Michael McQuary, Board Member Kevin Beiser, and Superintendent Lamont Jackson, regarding the Declaration of Jeffrey M. Trissell, Esq., in opposition to Plaintiffs' motion for a preliminary injunction.

**1. General Objection to Highlighting in Exhibits.**

Defendants first offer the novel objection that all of the exhibits to the declaration of Jeffrey M. Trissell, Esq. are objectionable because Plaintiffs included highlighting to direct the Court to the relevant portions. (Dkt. 40 at 1:24-2:7.) Defendants' theory is that summaries are only admissible to the extent they are accurate, and that the highlighting represents a misleading and inaccurate summary of the document as a whole. (*Id.*) This argument is then reiterated in separate objections to each of the five exhibits. (*See* Dkt. 40 at 3:8-4:25, Obj. Nos. 1-5.)

Of course, Plaintiffs had an affirmative duty to direct the Court to the relevant portions of all exhibits. Many treatises state that this is properly done via highlighting. *See, e.g.,* VIRGINIA A. PHILLIPS & KAREN L. STEVENSON, RUTTER GRP. PRAC. GUIDE: FED. CIV. PROC. BEFORE TRIAL ¶ 14:94 (Apr. 2022 update) ("You should include … the page and line number of the transcript, and attach a copy of the appropriate transcript passage, preferably having highlighted the relevant portion"); DAVID N. FINLEY & STEPHANIE HOIT LEE, RUTTER GRP. PRAC. GUIDE: FED. SUMMARY JUDGMENT & RELATED TERMINATION MOTIONS ¶ 1:30 (Feb. 2022 update) ("Make it easy for the court to find and verify those facts by including specific references to the evidence, such as selected passages of a deposition, and when appropriate, highlight those references so that they stand out"); *id.* at ¶ 1:60

("If you have short cites within a document, such as a deposition transcript or interrogatory, highlight your references."); *see also* Judith K. Fitzgerald, et al., Rutter Grp. Prac. Guide: Bankruptcy ¶ 19:289 (May 2022 update) ("Where a new case is decided just before the hearing, bring copies of the decision for the judge and opposing counsel, with important passages highlighted on *all* copies.").

Plaintiffs believe the Court is fully capable of reviewing both the highlighted and non-highlighted portions of the exhibits, without any threat of being misled or misinformed. If, however, the Court would like non-highlighted exhibits, Plaintiffs can submit them.

**2. Objection No. 3 to Board of Education Meeting Transcript**

Defendants' only other objection is one based on the Best Evidence rule. Specifically, Defendants object to Exhibit 44, a transcript of the May 24, 2022 Board of Education meeting, contending that the Best Evidence of the content of that meeting is the video recording that was created and posted by YouTube following Defendants' internet livestream of their meeting. *See* Fed. R. Evid. 1002-1004. That recording is available here: https://www.youtube.com/watch?v=GZUsHy18cKQ.

The Best Evidence rule would only apply here if Plaintiffs were seeking to prove the contents of the recording itself. If the contents of the recording were at issue, then the recording itself is the Best Evidence. But if the contents of the meeting are at issue, then any medium which accurately conveys those contents are equally the Best Evidence. There is no "order of preferred admissibility." *United States v. Gonzales-Benitez*, 537 F.2d 1051, 1053–54 (9th Cir. 1976) (noting that "the trial court was correct in dismissing the objection out of hand.").

Further, the Best Evidence rule only applies where control of the original is in the custody of the offeror of secondary evidence. Thus, because Defendants have control of the original recording, and failed to produce it themselves, they have waived any objection. *See* Fed. R. Evid. 1004(c); *see also id.* at Adv. Committee Note to 1972 Proposed Rules, Note to Paragraph (3). And this Court has discretion to not

require an original where "no good purpose is served by production of the original." Fed. R. Evid. 1004(d); Adv. Committee Note to 1972 Proposed Rules, Note to Paragraph (4).

Nevertheless, to avoid any issue, Plaintiffs are willing to submit a downloaded MP4 file of the YouTube recording on a flash drive. With that flash drive, Plaintiffs would also submit the recordings of the meetings for which transcripts are attached to the First Amended Complaint as Exhibits 9, 29.1, and 29.2. According to the Court's rules, "Exhibits must be submitted electronically in CM/ECF as attachments," but "[a] party may seek leave of the court to allow the non-electronic filing of exhibits when they are not convertible to electronic form (*e.g.* videotapes, maps, etc.)." *See* Electronic Case Filing Admin. Pol'y & Proc. Manual § 2(k) (Apr. 12, 2022); *see also* CivLR 5.4(a) (incorporating manual as part of the Local Rules). Obtaining leave of court first is mandatory; without leave, the manually submitted exhibit will be rejected. *See Low v. Trump Univ., LLC*, 2016 WL 4098195, at *2 (S.D. Cal. Aug. 2, 2016).

Plaintiffs do not believe that the video recordings are needed, but if the Court disagrees, Plaintiffs request leave to submit them.

Respectfully submitted,

LiMANDRI & JONNA LLP

Dated: June 14, 2022    By: /s/ Charles S. LiMandri
Charles S. LiMandri
Paul M. Jonna
Mark D. Myers
Jeffrey M. Trissell
Robert E. Weisenburger
Milan L. Brandon II
Attorneys for Plaintiffs

3
Resp. to Obj. to Trissell Decl., & Req. to File Exhibits Non-Electronically
ISO Plaintiffs' Motion for a Preliminary Injunction

# CERTIFICATE OF SERVICE

*John Doe, et al. v. San Diego Unified School District, et al.*

USDC Court Case No.: 3:21-cv-1809-CAB-LL

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; my business address is P.O. Box 9120, Rancho Santa Fe, California 92067, and that I served the following document(s):

- **Plaintiffs' Response to Objections to the Declaration of Jeffrey M. Trissell, Esq., and Request to File Exhibits Non-Electronically, in Support of Plaintiffs' Motion for a Preliminary Injunction.**

on the interested parties in this action by placing a true copy in a sealed envelope, addressed as follows:

Mark R. Bresee, Esq.
Atkinson, Andelson, Loya, Ruud & Romo
4275 Executive Square, Ste. 700
La Jolla, CA 92037
Tel: (858) 485-9526; Fax: (562) 653-3658
E-Mail: MBresee@aalrr.com
**Attorneys for Defendants**

__X__ **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Rancho Santa Fe, California in the ordinary course of business. The envelope was sealed and placed for collection and mailing on this date following our ordinary practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____ **(BY ELECTRONIC MAIL)** I served a true copy, electronically on designated recipients via electronic transmission of said documents.

__X__ **(BY ELECTRONIC FILING/SERVICE)** I caused such document(s) to be Electronically Filed and/or Service using the ECF/CM System for filing and transmittal of the above documents to the above-referenced ECF/CM registrants.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on June 14, 2022, at Rancho Santa Fe, California.

_____
Kathy Denworth