UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, et al.,<br><br>                        Plaintiffs,<br><br>v.<br><br>SAN DIEGO UNIFIED SCHOOL DISTRICT, et al.,<br><br>                        Defendants. | Case No.:  21cv1809-LL-MDD<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>**[ECF No. 35]** |

Pending before the Court is Plaintiffs'[1] Motion for Preliminary Injunction. ECF No. 35. Plaintiffs seek to prevent Defendants, including the San Diego Unified School District ("SDUSD"), from enforcing their COVID-19 vaccine mandate. *Id.* The Motion has been fully briefed and is suitable for submission without oral argument. For the reasons set forth below, the Motion is **DENIED**.

/ / /

---

[1] The Plaintiffs as set forth in the First Amended Complaint ("FAC") are three sets of parents and four students: John and Jane Doe and their child Jill Doe, Tiffany Roe and her children Terry and Taylor Roe, and Andrew Poe and his child Adrian Poe. ECF No. 34 ¶¶ 12-14, 15-17, 18-19.

## I.   BACKGROUND

### A. SDUSD's Vaccination Roadmap and Related Procedural History

On September 28, 2021, Defendant San Diego Unified School District ("SDUSD") adopted, via a document called a Vaccination Roadmap, a requirement that all students eligible for a fully FDA-approved COVID-19 vaccine receive all required doses of that vaccine by December 20, 2021, to attend school in-person and participate in extra-curricular activities. ECF No. 1 ¶¶ 31-34; ECF No. 34 ¶¶ 42-45.

A lawsuit was filed by the Doe Plaintiffs on October 22, 2021 challenging the Vaccination Roadmap. ECF No. 1. On November 1, 2021, the Doe Plaintiffs filed an Ex Parte Motion for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction; and for Leave to Proceed Pseudonymously. ECF No. 7. On November 18, 2021, District Judge Bencivengo denied Plaintiffs' motion, finding that Plaintiffs lacked standing and that they had not established a likelihood of success on the merits or that they would suffer irreparable harm if the Court did not issue a TRO. *Doe v. San Diego Unified School District* ("*Doe I*"), 2021 WL 5396136 (S.D. Cal. 2021). Plaintiffs appealed, and sought an injunction pending appeal. ECF No. 21. On December 4, 2021, a majority panel on the Ninth Circuit reached the same conclusion as District Judge Bencivengo finding that Plaintiffs "have not carried their burden to establish a likelihood of success on the merits, or that they will suffer irreparable harm if this Court does not issue an injunction, or that the public interest weighs in their favor." *Doe v. San Diego Unified School District ("Doe II")*, 19 F.4th 1173, 1182 (9th Cir. 2021). The Ninth Circuit also found that Plaintiffs "have not demonstrated a sufficient likelihood of success in showing that the district court erred in applying rational basis review, as opposed to strict scrutiny, to the student vaccination mandate." *Id.* at 1177. Plaintiffs then filed an emergency application for an injunction pending appeal with the Supreme Court, and a motion for rehearing en banc, but both were denied. *Doe v. San Diego Unified School District*, 142 S.Ct. 1099 (2022); *Doe v. San Diego Unified School District* ("*Doe III*"), 22 F.4th 1099 (9th Cir. 2022). The Supreme Court denied Plaintiffs' application for emergency injunctive relief stating "because [the School

District] ha[s] delayed implementation of the challenged policy, and because they have not settled on the form any policy will now take, emergency relief is not warranted at this time." 142 S.Ct. at 1099. The Supreme Court also denied Plaintiffs' "alternative request for a writ of certiorari before judgment and a stay pending resolution." *Id.*

SDUSD has delayed the implementation of the student vaccination requirement multiple times including in December 2021. ECF No. 38-2, Declaration of Lamont Jackson ("Jackson Decl.") ¶ 3 and Ex. A. On February 22, 2022 and on March 8, 2022, the SDUSD Board approved revisions to the student vaccination requirement including the implementation dates. Jackson Decl. ¶ 4 and Ex. A. The student vaccination requirement continued to apply to all students unless medically-exempted, but remained applicable to students sixteen and older because full FDA approval of a COVID-19 vaccine has not yet occurred for younger age groups. Jackson Decl. ¶ 4 and Ex. A.  On May 24, 2022, the SDUSD Board postponed the vaccination plan to at least July 2023. Jackson Decl. at ¶ 5 and Ex. A. The SDUSD superintendent, whose duties include oversight of the planning, attainment, and implementation of a requirement that all district students and staff be vaccinated against the COVID-19 virus, stated in a signed declaration on June 1, 2022 that "[b]ased on the action of the Board of Education on May 24, 2022, [] there is no student vaccination requirement in the San Diego Unified School District, it is undetermined whether there will ever be a student vaccination requirement in the San Diego Unified School District, if there is ever a student vaccination requirement it will not be implemented prior to July, 2023 [and] the nature and scope of the requirement will be based on the data and the conditions at the time of implementation." Jackson Decl. ¶¶ 1, 6.

### B. Operative Complaint

Plaintiffs' original complaint in this case was filed on October 22, 2021 and contained one claim under 42 U.S.C. § 1983 – that the Vaccination Roadmap violates the Free Exercise Clause of the First Amendment to the U.S. Constitution. ECF No. 1. The operative complaint is Plaintiffs' First Amended Complaint ("FAC") and contains five claims. ECF No. 34. Even though Plaintiffs' FAC added additional Plaintiffs and claims,

all five claims still allege that the Vaccination Roadmap violates the Free Exercise clause of the First Amendment to the United States Constitution. *Id.* at 21-30.

The challenged Vaccination Roadmap is also substantively the same as what was previously challenged, with the exception that is has been postponed until at least July 2023 and that in the event it is reinstated at that time, the specifics of the policy will be based on data and conditions at that time. Jackson Decl. ¶ 6. In fact, Plaintiffs' Motion for Preliminary Injunction concedes that the mandate is substantively the same, with the exception of the new timeline for its implementation. *See, e.g.*, Motion at 10 ("On Monday, February 22, 2022, SDUSD's Board of Education discussed re-imposing a virtually identical mandate, with only a few minor tweaks, simply delayed from the Spring semester to the Summer semester."); Motion at 13 ("Substantively, the new COVID-19 vaccine mandate is largely the same as before, with its excessive holes and exemptions – it just has a new implementation timeline."); Motion at 15 ("…[O]n March 8, 2022, SDUSD set a new timeline for its implementation [of the vaccine mandate] without significant modification.").

The relief sought in the FAC is as follows:

A. An order and judgment declaring that the Vaccination Roadmap, facially and as applied to Plaintiffs, violates the First Amendment to the U.S. Constitution;
B. An order temporarily, preliminarily, and permanently enjoining and prohibiting Defendants from enforcing their unlawful policies against Plaintiffs, and from engaging in any practices or conduct that chills Plaintiffs' free exercise of religion;
C. Nominal and actual damages;
D. Attorneys' fees and costs; and
E. Such other and further relief as the Court deems appropriate and just.

FAC at 31, Prayer for Relief.

## II.    LEGAL STANDARD

The party seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits, (2) he will likely suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in

the public interest. *City & Cty. of San Francisco v. United States Citizenship & Immigr. Servs.*, 944 F.3d 773, 789 (9th Cir. 2019) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). In the Ninth Circuit, the court may apply a sliding scale test in which "serious questions going to the merits" and a balance of hardships that tips sharply toward the moving party can support the issuance of a preliminary injunction, as long as there is also a showing of a likelihood of irreparable injury and that the injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

"[A] preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). "The Court is permitted to consider inadmissible evidence in deciding a motion for a preliminary injunction." *Disney Enterprises, Inc. v. VidAngel, Inc.*, 224 F. Supp. 3d 957, 966 (C.D. Cal. 2016), *aff'd*, 869 F.3d 848 (9th Cir. 2017) (citation omitted). "While district courts may consider inadmissible evidence in the context of a preliminary injunction, this does not mean that evidentiary issues have no relevance to this proceeding. Such issues, however, properly go to weight rather than admissibility." *Id.* (citation omitted).[2]

### III. DISCUSSION

Plaintiffs contend that "SDUSD's COVID-19 vaccine mandate is unconstitutional, both facially and as applied, and is causing real harm to real students – including Plaintiffs Terry Roe, Taylor Roe, and Adrian Poe – with no justification for why their religious beliefs cannot be accommodated." Motion at 11. Plaintiffs further contend that "SDUSD's COVID-19 vaccine mandate is both subject to, and cannot survive, strict scrutiny. But even under rational basis review, in the unique context of this case, refusing to extend an

---

[2] Plaintiffs make numerous evidentiary objections in support of their Motion. ECF No. 39. It is not necessary for the Court to determine the admissibility of evidence in the context of a request for injunctive relief, but where the Court has expressly relied on evidence that is subject to an evidentiary objection, the Court has overruled the objection.

exemption to Plaintiffs lacks any rational connection to a legitimate government interest." *Id.* at 16. In sum, Plaintiffs argue that the injunction factors are satisfied, and also that Court should dispense with a bond requirement and deny any stay of its order pending appeal. *Id.* at 16-34.

Defendants argue that "the student vaccination requirement they seek to enjoin no longer exists" because of the May 24, 2022 Board decision to "postpone any student vaccination requirement until at least July, 2023 and in the event the requirement is reinstated in or after July, 2023, the specifics and parameters of that requirement will be based on data and conditions at that time." Oppo. at 8. Defendants further argue that "given that all but one student Plaintiff will no longer be a student in the District in and after July, 2023, these Plaintiffs and their parents lack standing." *Id.* Defendants also argue that "*Doe I*, *Doe II*, and *Doe III* remain as guidance for this Court" noting that "[o]n December 4, 2021 a majority panel reached the same conclusion [as Judge Bencivengo], concluding Plaintiffs 'have not raised a serious question as to whether the mandate is neutral,' 'have not raised a serious question as to whether the mandate is generally applicable,' and 'have not established that the public interest tilts in favor of granting' extraordinary relief.'" *Id.* at 18 (citing *Doe II*, 19 F.4th at 1177-1181).

This Court already previously denied Plaintiffs' motion for injunctive relief challenging a similar vaccination policy, and the Ninth Circuit affirmed and then denied en banc review. *See Doe I*, *Doe, II*, and *Doe III*. Even Plaintiffs concede that substantively, the new COVID-19 vaccinate mandate is largely the same as before, with a new implementation timeline. Motion at 10, 13, 15. Plaintiffs' new claims in the FAC are still premised on violations of the Free Exercise Clause, just as the claim in the original complaint was. Accordingly, the Court is bound by the law of this case. Specifically, on November 18, 2021, Judge Bencivengo denied Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction challenging an almost identical vaccination mandate with a different implementation timeline by alleging violation of the Free Exercise Clause. *Doe I*. Judge Bencivengo found that Plaintiffs lacked

standing, failed to establish a likelihood of success on the merits, and rejected all of Plaintiffs' arguments. *Id.* Plaintiffs appealed, and on December 4, 2021, a majority panel on the Ninth Circuit reached the same conclusion in a well-reasoned opinion. *Doe II*. Subsequently, Plaintiffs' emergency motion for an injunction pending appeal with the Supreme Court and a motion for rehearing en banc were also denied. *Doe III*. These orders are controlling law in this case, and the Court declines to reiterate their respective reasoning and holdings. In light of these orders, the similarity between the challenged vaccination policies, and the same alleged constitutional violation of the Free Exercise Clause, this Court finds that Plaintiffs have not established a likelihood of success on the merits nor met any of the other preliminary injunction factors.

Additionally, the Court finds Plaintiffs' Motion to be unnecessary to preserve the status quo because it is unclear if and when the challenged vaccination policy will be implemented and what the specifics and parameters of its requirements will be. The Court is unpersuaded by Plaintiffs' argument that "there is nothing precluding the District from moving its COVID-19 vaccine plans up a semester or two." Reply at 8.

### IV.     CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs have not met any of the preliminary injunction factors. Accordingly, Plaintiffs' Motion for Preliminary Injunction is **DENIED**. For the same reasons, an injunction pending any appeal of this ruling is not warranted.

**IT IS SO ORDERED**.

Dated:  June 21, 2022

_____
Honorable Linda Lopez
United States District Judge