UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAN DIEGO UNIFIED SCHOOL DISTRICT, et al., <br><br> Defendants. | Case No.: 21cv1809-LL-MDD <br><br> **ORDER ADDRESSING PLAINTIFFS' REQUEST TO PROCEED ANONYMOUSLY: GRANTING WAIVER OF MINORS' APPEARANCES & DENYING REQUEST FOR PARENTS TO PROCEED ANONYMOUSLY AT ENE/CMC** <br><br> [ECF No. 46] |

This matter is before the Court on the parties' Joint Motion to Excuse Attendance of Minor Plaintiffs at Early Neutral Evaluation Conference, and to Permit Parent Plaintiffs to Appear Anonymously filed September 14, 2022.  (ECF No. 46).  The Court excuses the minors' appearances at the September 30, 2022 Early Neutral Evaluation (ENE) and Case Management Conference (CMC); however, as explained below, the Court denies the Plaintiff parents' request to proceed anonymously at that hearing.

### A. Background

Plaintiffs are a group of four minors and three parent guardians who filed an amended complaint challenging certain aspects of Defendants' COVID-19 vaccination mandate. (ECF No. 34). In the amended complaint, Plaintiffs identify themselves as: John and Jill Doe, guardians of Jill Doe, a minor; Tiffany Roe, guardian of Terry and Taylor Roe, minors; and Andrew Poe, guardian of Adrian Poe, a minor. (*Id.*).

Plaintiffs now ask the Court to excuse the attendance of the minors at the September 30, 2022 ENE/CMC on grounds that all minors are represented by an adult parent who is representing each minor's interest, and because the minors have no settlement authority of their own. The Court agrees with this request, and **GRANTS** that aspect of the parties' joint motion. The minors are not required to attend the ENE/CMC.

Next, however, the Plaintiff parents seek to appear anonymously at the ENE/CMC, with their cameras turned off, using their pseudonymous identities only. (ECF No. 46 at 2). In support of their request, the Plaintiff parents explain that they initiated this action using pseudonymous identities, and they intend to file a motion for leave to proceed as such throughout the case. (*Id.*). Defendants are not opposed to the Plaintiffs' request for the limited purpose of the ENE/CMC. (*Id.* at 2-3).

### B. Legal Standard: Pseudonyms

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a) (requiring the title of every complaint to "name all the parties"). "This presumption is loosely related to the public's right to open courts, and the right of private individuals to confront their accusers." *Kamehameha*, 596 F.3d at 1042

21cv1809-LL-MDD

(citations omitted).  To proceed under a pseudonym, a plaintiff must seek leave of the Court.  *Aellis O. v. Connor*, No. 22-CV-200 JLS (WVG), 2022 WL 2229421, at *3 n.1 (S.D. Cal. June 21, 2022).

"The Ninth Circuit allows parties to use pseudonyms in unusual cases where anonymity is 'necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'"  *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1144 (N.D. Cal. 2016) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980)); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) ("In this circuit, we allow parties to use pseudonyms in the unusual case . . . .") (citations and quotation marks omitted); *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) ("As a general rule, 'the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity.") (citations and quotation marks omitted); *Doe v. Ayers*, 789 F.3d 944, 946 (9th Cir. 2015) (noting that the use of a pseudonym was proper because of the case's exceptional nature).  To test whether use of a fictious name is appropriate, courts ask whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."  *Advanced Textile Corp.*, 214 F.3d at 1068.

To determine whether to allow a party to proceed anonymously, a district court must balance five factors:  "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to . . . retaliation, (4) the prejudice to the opposing party, and (5) the public interest."  *Kamehameha*, 596 F.3d at 1042.  District courts place particular emphasis on the first and second factors.  *Id.* at 1043.

## C. <u>Discussion</u>

The Chambers' Rules in this Court require parties to appear in-person (via Zoom video technology) for all Early Neutral Evaluation settlement conferences absent a showing of good cause as to why they cannot do so. *See* Hon. Mitchell D. Dembin, Civ. Chambers R. IV(B). The present motion fails to articulate a basis for the Plaintiffs' request to proceed anonymously, except to state that Plaintiffs intend to seek approval from the district court in order to proceed in the case using only pseudonyms. (ECF No. 46).

In the absence of stated grounds for overcoming this Court's requirement for personal appearance at a settlement conference, or the presumption that parties must proceed with their real names in litigation (and the minors' initials pursuant to Federal Rule 5.2(a)(3)), the Court has considered the amended complaint that asserts:

> The Plaintiffs all seek to proceed pseudonymously in this case for fear of retaliation and harassment by SDUSD officials, teachers, or students.

(ECF No. 34 ¶ 29). The Court also notes that Plaintiffs previously filed a motion to appear pseudonymously together with their motion for a temporary restraining order. (ECF No. 7 [filed 11/1/2021]).

District Judge Cathy Ann Bencivengo denied the request for a temporary restraining order and advised Plaintiffs that their application to proceed pseudonymously was more suitable for a separate motion. (ECF No. 20 at 10 [filed 11/18/2021]). Judge Bencivengo permitted the parties to proceed anonymously for purposes of filing an immediate appeal, but she explained that "the Court is not persuaded that Plaintiffs have overcome the presumption that parties must use their real names in litigation." (*Id*. at 10 & n.5) (citing *Kamehameha*, 596 F.3d at 1042).

To date, Plaintiffs have provided no additional information on this issue. In the absence of such information, the Court finds that Plaintiffs have failed to establish good cause for appearing anonymously for the Court's ENE on September 30, 2022. Because the district court, rather than this Court, must balance the factors relevant for determining whether it is appropriate for the parties to proceed pseudonymously, the parties may alternatively consider filing a joint motion to continue the ENE/CMC until after the district court resolves the pseudonym issue. Until then, the Court **DENIES** the joint motion for the Plaintiff parents to proceed anonymously during the September 30, 2022 Early Neutral Evaluation and Case Management Conference.

**IT IS SO ORDERED.**

Dated: September 16, 2022

Hon. Mitchell D. Dembin
United States Magistrate Judge